DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Curtis Taylor, has appealed from his convictions in the Akron Municipal Court for domestic violence and violation of a protection order. We affirm in part and reverse in part.
Following a bench trial, the trial court convicted Defendant of two counts of domestic violence, in violation of Akron City Code 135.15 and R.C. 2919.25, and one count of violation of a protection order, in violation of R.C. 2919.27. Defendant timely appealed raising two assignments of error, which have been consolidated for ease of review.
assignment of error i
 The City failed to prove beyond a reasonable doubt the elements of Domestic Violence and Violating a Protection Order, in violation of [Defendant's] right to Due Process under the Fourteenth Amendment of the United States Constitution and Article I, Section 11 of the Ohio Constitution. * * *
assignment of error ii
 The trial court erred in finding [Defendant] guilty of Domestic Violence and Violating a Protection Order because the conviction[s] [were] against the manifest weight of the evidence, in violation of Article IV, Section 3, of the Ohio Constitution. * * *
 In his two assignments of error, Defendant has argued that his convictions for domestic violence and violation of a protection order were insufficient as a matter of law and against the manifest weight of the evidence. This court agrees in part. We will address Defendant's convictions separately.
The function of an appellate court on review is to assess the sufficiency of the evidence "to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. In making this determination, a reviewing court must view the evidence in the light most favorable to the prosecution. Id.; State v. Feliciano (1996), 115 Ohio App.3d 646, 652.
While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion.State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In making this determination, we do not view the evidence in the light most favorable to the prosecution. Instead, we must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This action is reserved for the exceptional case where the evidence weighs heavily in favor of the defendant. Id. A conviction is not against the manifest weight of the evidence merely because there is conflicting evidence before the trier of fact. State v. Gilliam
(Aug. 12, 1998), Lorain App. No. 97CA006757, unreported, at 4.
"Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted). Statev. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
 A. Domestic Violence
To support a conviction for domestic violence the State must prove, beyond a reasonable doubt, that one knowingly caused or attempted to cause physical harm to a family or household member. R.C. 2919.25(A). Pursuant to R.C. 2919.25(E)(1)(a)(i), a "family or household member" includes "a person living as a spouse" who is "residing or has resided with the offender[.]" A "person living as a spouse" is defined as "a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." R.C.2919.25(E)(2).
In State v. Williams (1997), 79 Ohio St.3d 459, 465, the Ohio Supreme Court held that the essential elements of cohabitation are (1) the sharing of familial or financial responsibilities and (2) consortium. Possible factors which could establish shared familial or financial responsibilities include provisions for shelter, food, clothing, utilities, or commingled assets. Id. Factors that might establish consortium include mutual respect, fidelity, affection, society, cooperation, solace, comfort, aid of each other, friendship, and conjugal relations. Id. These factors are unique to each case and how much weight, if any, to give to each of these factors must be decided by the trier of fact on a case-by-case basis. Id.
In the present case, the record indicates that the alleged victim, Shernell Smith ("Smith"), and Defendant dated for approximately two of the four years they had been acquainted with each other. Smith stated that during the time they were dating, Defendant would sometimes stay at her home for up to four days a week. After a thorough review of the record, we find that the only evidence adduced at trial with respect to the possible sharing of familial and financial responsibilities was the following testimony from Smith:
 Q. Has [Defendant] ever taken your 9-year-old anywhere?
[DEFENSE COUNSEL]: Objection.
 THE COURT: Overruled. Has he ever taken your children anywhere?
 A. He has took my daughter different places, store, bought her clothes.
 This statement, alone, fails to establish the essential element of familial or financial responsibilities required to demonstrate cohabitation. Significantly, the testimony falls short of establishing that there were any provisions between the parties for shelter, food, clothing, utilities, or commingled assets. Therefore, upon a review of the evidence in a light most favorable to the prosecution, we find that the prosecution failed to demonstrate beyond a reasonable doubt that the alleged victim was a family or household member, pursuant to R.C. 2919.25(E). We sustain Defendant's first assignment of error, in part, and reverse Defendant's convictions for the two counts of domestic violence. In light of our decision that there was insufficient evidence to support Defendant's domestic violence convictions, we need not address the claim raised in his second assignment of error that the convictions were against the manifest weight of the evidence.
 B. Violation of a Protection Order
We now address Defendant's contention that his conviction for violation of a protection order was insufficient as a matter of law and against the manifest weight of the evidence. Violation of a temporary protection order is governed by R.C. 2919.27(A)(1) which states that "[n]o person shall recklessly violate the terms of * * * [a] protection order[.]"
In this case, the prosecution produced evidence that the trial court had issued a temporary protection order against Defendant on November 24, 2000, for the protection of Smith. Officer Jason McKeel testified that he took Smith's statement on January 15, 2001, following an alleged incident of domestic violence involving Defendant. Specifically, Officer McKeel stated that Smith described the incident to him as follows:
 [Smith] stated that [Defendant] came over, was intoxicated, came over for a beer. [She and Defendant] were in the kitchen. They began arguing. [Defendant] accused her of disrespect to him, took her by the arms, dragged her from the kitchen through the living room into the enclosed porch in the front of the house. Then took her, shoved her, and her head, the back top of her head hit the pane of glass in the window. Broke that out, also bent part of the metal window frame. [Smith] stated [Defendant] then put his hands around her neck and attempted to choke her.
 Despite her previous statement to police, Smith testified at trial that she did not see Defendant on the date in question and that someone else had actually caused her injuries. Officer McKeel testified that on the date of the incident Smith named only Defendant as the perpetrator.
The evaluation of the weight to be given to the evidence and evaluation of the credibility of the witnesses are functions primarily reserved for the trier of fact. See Gilliam, supra, at 4. The trial court noted that Smith was a "reluctant witness" at trial and found that it was more probable that Smith told the truth on the date of the alleged offense than at trial. Upon careful review of the testimony and evidence presented at trial, we hold that the trial court did not act contrary to the manifest weight of the evidence in convicting Defendant of violation of a protection order and, therefore, the conviction was sufficient as a matter of law. Defendant's first and second assignments of error are overruled as they pertain to his conviction for violation of a protection order.
Defendant's first assignment of error is sustained in part and overruled in part. Defendant's second assignment of error is overruled to the extent addressed. The judgment of the Akron Municipal Court is affirmed in part and reversed in part.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the, County of, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to.
Exceptions.
BAIRD, P.J. CONCURS.